**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

**In re:**

| | |
|---|---|
| **The Relax Group, LLC** | **Chapter 7** |
| **Debtor** | **Case No. 25-10784-KB** |
| | **Honorable Kimberly Bacher** |

_____

**In re:**

| | |
|---|---|
| **Gina Rene Bruss** | **Chapter 7** |
| **Debtor** | **Case No. 25-10788-KB** |
| | **Honorable Kimberly Bacher** |

_____

**In re:**

| | |
|---|---|
| **James Warren Bruss** | **Chapter 7** |
| | **Case No. 25-10646-KB** |
| | **Honorable Kimberly Bacher** |

_____

**CINCINNATI INSURANCE COMPANY'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY (TO THE EXTENT THAT IT APPLIES) TO ALLOW
PAYMENT OF DEFENSE
COSTS IN ACCORDANCE WITH AND SUBJECT TO THE TERMS,
CONDITIONS, AND LIMITATIONS OF THE POLICY
ISSUED TO THE RELAX GROUP, LLC
<u>TO THE EXTENT THE STAY APPLIES</u>**

The Cincinnati Insurance Company ("Movant" or "Cincinnati"), by and through its undersigned attorneys, respectfully moves in each of the foregoing bankruptcy cases for an order pursuant to 11 U.S.C. §362(d)(1), Fed. R. Bankr. P. 4001(a) and D.N.H. LBR 4001-1 for relief from the stay to the extent it applies permitting Cincinnati to defend and pay **defense costs**[1] for the defense of The Relax Group LLC, Bruss Building Services Group, LLC, James Bruss, Gina Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, LLC, and Meghan Smith against the lawsuit captioned *Kearsarge Community Common LLC, et al. v. James Bruss, et al.*, case number

---

[1] Bold-faced terms are defined Policy terms.

217-2025-CV-00581 filed on August 8, 2025 in the Merrimack Superior Court of the State of New Hampshire (the "Lawsuit"), in accordance with and subject to the terms, conditions, and limitations of Pillar Policy No. EMP 072 63 42 issued to The Relax Group, LLC for the September 11, 2024 to September 11, 2027 **policy period**.

Cincinnati further respectfully requests that this Court waive the 14 day stay of this Court's Order provided for in Rule 4001(a)(3).

Cincinnati is filing this Motion in the bankruptcy cases of The Relax Group, LLC (Case No. 25-10784-KB), Gina Rene Bruss (Case No. 25-10788-KB) and James Warren Bruss (Case No. 25-10646-KB).

In support of this Motion, Cincinnati respectfully states as follows:

### JURISDICTION AND THE DEBTORS

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. § 362.

2. On November 7, 2025, the Debtor in Case No. 25-10784-KB, The Relax Group, LLC, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 25-10784-KB). Jeffrey Piampiano has been appointed and serves as Chapter 7 trustee for the bankruptcy estate of The Relax Group, LLC.

3. On November 20, 2025, the Debtor in Case No. 25-10788-KB, Gina Rene Bruss, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 25-10788-KB). Anthony J. Manhart has been appointed and serves as Chapter 7 trustee for the bankruptcy estate of Gina Rene Bruss.

2

4. On November 25, 2025, the Debtor in Case No. 25-10646-KB, James Warren Bruss, filed an individual petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 25-10646-KB). Olga L. Gordon has been appointed and serves as Chapter 7 trustee for the bankruptcy estate of James Bruss.

**REQUEST FOR RELIEF FROM THE STAY TO PAY DEFENSE COSTS INCURRED BY THE RELAX GROUP, LLC, BRUSS BUILDING SERVICES GROUP, LLC, GINA BRUSS, JAMES BRUSS, LAURA RAYMOND, JARED RAYMOND, MALARIE STARCHER, AND MEGHAN SMITH IN DEFENSE OF THE LAWSUIT SUBJECT TO THE TERMS, CONDITIONS, AND LIMITATIONS OF THE CINCINNATI INSURANCE COMPANY PILLAR POLICY AND SUBJECT TO A RESERVATION OF RIGHTS, REMEDIES, AND DEFENSES**

**I. The Cincinnati Insurance Company Pillar Policy Issued To The Relax Group, LLC Applicable To The Lawsuit Which Was Submitted For Coverage And Defense Under That Policy**

5. On or about September 11, 2024, prior to the above-captioned bankruptcy proceedings, Cincinnati issued Pillar Policy Number EMP 072 63 42 to Bruss Building Services Group LLC for the **policy period** September 11, 2024 to September 11, 2027. On April 2, 2025, the **named insured** on the Policy was amended from Bruss Building Services Group LLC to The Relax Group, LLC. (**Exhibit A**, bates p. 018). A certified copy of the Policy is attached hereto as **Exhibit A** and is referred to herein as the "Policy".

6. The Policy contains three coverage parts: A Privately Held Company Directors and Officers Liability Coverage Part ("D&O Coverage Part"), an Employment Practices Liability Coverage Part ("EPL Coverage Part") and a Fiduciary Liability Coverage Part ("Fiduciary Coverage Part").

7. The Lawsuit, which was submitted to Cincinnati and for which Cincinnati agreed to defend The Relax Group, LLC ("Relax"), Bruss Building Services Group, LLC ("Bruss Building"); and the individual defendants, Gina Bruss, James Bruss, Laura Raymond, Jared

3

Raymond, Malarie Starcher, and Meghan Smith (collectively "the Individuals"); subject to the terms, conditions, and limitations of the Policy and subject to a reservation of rights; implicates only the D&O Coverage Part.

8. The D&O Coverage Part of the Policy, subject to the terms, conditions and limitations of the  Policy, provides coverage and defense for  a **claim** made against the **organization** and **insured persons** for a **wrongful act**. *See*, **Exhibit A**, Declarations Page, D&O Coverage Part (bates page 50); Introductory Wording, D&O Coverage Part (bates page 53); Section I – Insuring Agreements[2], D&O Coverage Part, (bates page 53).

9. The **claim** for which coverage is sought under the Policy is the Lawsuit which was filed on August 8, 2025.

10. In its Bankruptcy Petition in case no. 25-10784-KB, Relax identified Bruss Services Group, LLC as another name that Relax used in the last eight years.

11. The **organization** is defined in the D&O Coverage Part as the **named insured**, which was Bruss Building Services Group, LLC as of September 11, 2024, and, effective April 2, 2025, pursuant to Endorsement Amending the Policy, is the Debtor in Case No. 25-10784-KB,

---

[2] The D&O Coverage Part Insuring Agreements read as follows:

**A.** We will pay on behalf of the **insured persons** all **loss** which they shall be legally obligated to pay, except for such **loss** which the **organization** actually pays as indemnification, resulting from any **claim** first made during the **policy period**, or any **extended reporting period** included in or endorsed to the policy, for a **wrongful act**.

**B.** We will pay on behalf of the **organization** all **loss** which the **organization** is required to pay as indemnification to the **insured persons** resulting from any **claim** first made during the **policy period**, or any **extended reporting period** included in or endorsed to the policy, for a **wrongful act**.

**C.** If set forth in the Privately Held Company Directors and Officers Liability Coverage Part Declarations, we will pay on behalf of the **organization** all **loss** which the **organization** is required to pay resulting from any **claim** first made during the **policy period**, or any **extended reporting period** included in or endorsed to the policy, against the **organization** for a **wrongful act**.

We will have the right and duty to select counsel and defend the **insureds** against any such **claim**.

The Relax Group, LLC. (*See*, **Exhibit A**, D&O Coverage Part, Section II. Paragraph K (defining **organization**) (bates page 54); Pillar Common Policy Declarations, bates page 24, identifying Bruss Building Services Group, LLC  as the **named insured**; Endorsement amending **named insured** from Bruss Services Group, LLC  to The Relax Group, LLC effective April 2, 2025, bates p. 18).

12. The Debtor in Case No. 25-10788-KB, Gina Bruss; the Debtor in Case No. 25-10646-KB, James Bruss; Laura Raymond; Jared Raymond; Malarie Starcher; and Meghan Smith; all in their capacity as current or former directors, officers, managers, or employees of the **organization**  are "**insured persons**" (*see*, definition of **insured persons,** Section II.H. of the D&O Coverage Part (bates p. 054), definition of **directors and officers**, Section II.C. (bates p. 54), definition of **LLC manager**, Section II.I. (bates p. 54)).

13. **Insured** is defined as the **organization** and **insured persons**. (Section II.G., bates p. 054).

14. The D&O Coverage Part includes a $1 million aggregate Limit of Insurance subject to a $10,000 per **claim** deductible under Insuring Agreement B and C, which applies to all **loss** including **defense costs**. (*See*, **Exhibit A**, D&O Coverage Part Declarations (bates page 58); Section V. Paragraph C. (addressing deductible) (bates page 57); Section II. Paragraph J. (defining **loss**) (bates page 54); Section II. Paragraph B. (defining **defense costs**) (bates page 54).

15. Section V.B. of the D&O Coverage Part of the Policy states that the $10,000 deductible "applicable to Insuring Agreement **B.** shall apply to **loss** payable under any of the Insuring Agreements for which indemnification by the **organization** is legally permissible whether or not actual indemnification is granted, unless the **organization** fails to indemnify any **insured person** due to the **financial impairment** of the **organization**. The Deductible shall be

paid by the **organization**."   Because currently The Relax Group, LLC has "**financial impairment**" as defined in Section II.F. of the Policy (bates p. 54), Cincinnati has not requested that Relax (the Debtor in case no. 25-10784-KB) pay the deductible (but has reserved all rights).

16.     Pursuant to the terms, conditions, and limitations of the D&O Coverage Part of the  Policy, Cincinnati has "the right and duty to select counsel and defend the **insureds** against any such **claim**." (**Exhibit A**, D&O Coverage Part, Section I – Insuring Agreements (bates page 53).

17.     Cincinnati has agreed to defend the Debtor in Case No. 25-10784-KB, The Relax Group; Bruss Building; the Debtor in Case No. 25-10788-KB, Gina Bruss; the Debtor in Case No. 25-10646-KB, James Bruss; Laura Raymond; Jared Raymond; Malarie Starcher; and Meghan Smith against the Lawsuit under the D&O Coverage Part subject to the terms, conditions, and limitations of the Policy and subject to a full and complete reservation of all rights, remedies, and defenses.

18.     Pursuant to D&O Coverage Part, Section V. Paragraph C., **defense costs** paid by Cincinnati for the defense of the Debtor in Case No. 25-10784-KB, The Relax Group; Bruss Building; the Debtor in Case No. 25-10788-KB, Gina Bruss; the Debtor in Case No. 25-10646-KB, James Bruss; Laura Raymond; Jared Raymond; Malarie Starcher; and Meghan Smith against the Lawsuit reduce the $1 million aggregate Limit of Insurance by the amount of **defense costs** paid. (*See*, **Exhibit A**, D&O Coverage Part, Section V. Paragraph C. (bates page 57)).

19.     In addition to the $1 million aggregate limit, the D&O Coverage Part includes an Excess Side A Limit of Insurance of $1 million in the Aggregate. (**Exhibit A**, D&O Coverage Part, Section V.F. (bates p. 57). The Excess Side A Limit of Insurance is in addition to and not part of the Limit of Insurance, and it applies solely to **loss** (which includes **defense costs**) resulting

from any **claim** against an **insured person** to which Insuring Agreement **A.** is applicable. *Id*. Therefore, the Excess Side A Limit of Insurance does not apply to **claims** against the Debtor.

20.     Thus, **defense costs** are part of and not in addition to the $1 million Limit of Insurance, and, if the Excess Side A Limit of Insurance is implicated, **defense costs** are part of and not in addition to the Excess Side A $1 Million Limit of Insurance. **Defense costs** paid by Cincinnati for the defense of the Debtor in Case No. 25-10784-KB, The Relax Group; Bruss Building; the Debtor in Case No. 25-10788-KB, Gina Bruss; the Debtor in Case No. 25-10646-KB, James Bruss; Laura Raymond; Jared Raymond; Malarie Starcher; and Meghan Smith reduce the $1 million Limit of Insurance. If Cincinnati pays a total of $1 million for **defense costs** or other **loss**, the Limit of Insurance is exhausted. If the Limit of Insurance is exhausted, no further coverage is available under Insuring Agreement B. or C and Cincinnati's duty to defend ends under those insuring agreements. However, if (and only if) the Limit of Insurance is exhausted, the D&O Coverage Part provides an Excess Side A Limit of Insurance of $1 million that applies solely to **loss** resulting from any **claim** against an **insured person** to which Insuring Agreement A. applies. Cincinnati reserved its rights to address whether or the extent to which the Excess Side A Limit of Insurance may apply and provide coverage to any **insured person**.

21.     In addition, pursuant to Section V.G.1. of the D&O Coverage Part, if payment of a **loss** (which is defined to include **defense costs**) for any **claim** would exceed the remaining applicable Limit of Insurance, "[Cincinnati] will first pay the unpaid portion of such **loss** under Insuring Agreement **A.**; then to the extent that any amount of the applicable Limit of Insurance shall remain available, we will pay such **loss** to which Insuring Agreements **B.** and **C.** apply." (**Exhibit A**, D&O Coverage Part, Section V.G.1. (bates p. 058).

II.      **Argument and Authorities**

A.      **Relief from the stay in Bankruptcy Case 25-10784-KB, Debtor, The Relax Group**

22.      Pursuant to §541 of the Bankruptcy Code, the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

23.      The  Policy, which was issued to Relax, is an asset of the Relax Group bankruptcy estate.

24.      The Policy is a liability insurance policy. Payment of insurance proceeds under the D&O Coverage Part is invoked through the duty to defend when a covered **claim** is made against **insureds** during the **policy period**. That payment is not made to the estate but rather to counsel defending the **insureds**. Payment of the insurance proceeds for indemnity is invoked when the **insureds** incur liability that is covered under the Policy to a third party, and that payment is made to the claimant not the estate.

25.      The Policy, subject to its terms, conditions, and limitations, provides direct coverage to the Debtor in Case No. 25-10784-KB, The Relax Group (formerly known as Bruss Building), which is the **organization** and an **insured** under the  Policy, one of the parties against whom the Lawsuit was filed, and whose **defense costs** incurred in defense of the Lawsuit Cincinnati is seeking relief from the automatic stay to pay subject to the terms, conditions, and limitations of the Policy and subject to a reservation of rights, remedies, and defenses.

26.      The proceeds of the  Policy are an asset of the bankruptcy estate of Debtor in Case No. 25-1784-KB, The Relax Group, since the Policy provides, subject to its terms, conditions and limitations, direct coverage to The Relax Group  with respect to the Lawsuit. *See*, *In Re Medex Regional Laboratories, LLC*, 314 B.R. 716 (Bkrtcy.E.D.Tenn., 2004); *In Re Allied Digital*

8

*Technologies Corp.*, 306 B.R. 505 (Bkrtcy.D.Del. 2004); *In Re Arter & Hadden, L.L.P.*, 335 B.R. 666 (Bkrtcy.N.D.Ohio 2005).

27.     Cause exists to lift the automatic stay in Case No. 25-10784-KB to pay the **defense costs** of the Debtor (and Bruss Building, which the Debtor was formerly known as), since the Debtor's bankruptcy estate, will benefit from the payment of their **defense costs** for the defense of the Lawsuit.

28.     Because the automatic stay applies to any act to obtain possession of property of the estate or of property from the estate, and because the payment of Debtor Relax Group's **defense costs** for defense of the Lawsuit reduce the Policy's Limit of Insurance, Cincinnati has filed this motion pursuant to 11 U.S.C. §362 (d)(1), seeking relief from the automatic stay to defend and pay the **defense costs** of the Debtor incurred in defense of the Lawsuit pursuant to the terms, conditions and limitations of the Policy, and subject to a full and complete reservation of all rights, remedies and defenses.

29.     The Debtor, Relax Group's interest in the Policy proceeds, to the extent that there is any, is defined by the terms of the Policy and is in no way superior to the interest of the other, parties who are not debtors in bankruptcy case 25-10784-KB, including the Individuals, who, as **insured persons**, are  intended to be benefited by the Policy. *Appleton v. Gagnon (In re Gagnon)*, 26 B.R. 926, 928 (Bankr. M.D. Pa. 1983) ("[T]he estate's legal and equitable interest in property rise no higher than those of the debtor; *In re Rodgers*, 333 F.3d 64, 68 (2d Cir. 2003) (same); *City of Springfield v. Ostrander (In re LAN Tamers, Inc.)*, 329 F.3d 204, 212-13 (1st Cir. 2003) (citations omitted) ("[i]t is a fundamental principle of bankruptcy law 'that the estate can only succeed to the same **property interest** that the **debtor** possesses, and cannot achieve a greater interest.'").

30.     The Individual **insured persons** have a separate interest in the Policy proceeds regardless and outside of the Debtor's bankruptcy case. *See, e.g.*, *Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Comm. of Spaulding Composites Co. (In re Spaulding Composites Co.)*, 207 B.R. 899, 906-07 (B.A.P. 9th Cir. 1997) (holding non-debtor co-defendants who are also insured under an insurance policy have rights under an insurance policy independent of the debtor's rights). Outside the bankruptcy context, they have the right to draw on the Policy proceeds for covered **claims**, regardless of the Debtor's interest in the Policy and regardless of whether other claims might be made against the proceeds in the future.

31.     Allowing the automatic stay in bankruptcy case 25-10784-KB to prevent Cincinnati from complying with its obligation to defend the Individual **insured persons** through payment of **defense costs** from the  Policy proceeds would improperly grant the Debtor Relax Group's estate greater rights in the Policy and the proceeds than the estate would have outside the bankruptcy context. Numerous courts that have considered the issue have granted relief from the automatic stay (to the extent the stay applies at all) and have permitted nondebtor coinsureds to draw on insurance proceeds to pay for defense costs. *See, e.g.*, *In re Enron Corp.*, No. 01-16034 (AJG), 2002 Bankr. LEXIS 544 (Bankr. S.D.N.Y. May 17, 2002); *In re MF Global Holding Ltd.*, 469 B.R. 177, 192 (Bankr. S.D.N.Y. 2002); *In re Allied Digital Tech. Corp.*, 306 B.R. 505, 513-14 (holding that it is not uncommon for courts to grant stay relief to allow payment of defense costs or settlement costs to directors and officers. Without funding, the Individual Defendants will be prevented from conducting a meaningful defense to the claims and may suffer substantial and irreparable harm. The directors and officers bargained for this coverage.).

32.     It is necessary for the Individual **insured persons** to incur **defense costs** to safeguard their interests and defend against the Lawsuit, and Cincinnati is obligated in accordance

10

with its duty to defend to pay such **defense costs**. Preventing the Individual **insured persons** from exercising their contractual right to draw on the Policy proceeds will result in them left to face the Lawsuit without any defense funding, a right which was bargained for. Without funding, the Individuals may be prevented from conducting a meaningful defense to the Lawsuit and may suffer substantial and irreparable harm. Cincinnati may be harmed if prevented from paying these defense costs pursuant to the Policy terms.

33.     Moreover, pursuant to Section V.G.1., if payment of a **loss** (which is defined to include **defense costs**) for any **claim** would exceed the remaining applicable Limit of Insurance, "[Cincinnati] will first pay the unpaid portion of such **loss** [including **defense costs]** under Insuring Agreement **A.**; then to the extent that any amount of the applicable Limit of Insurance shall remain available, [Cincinnati] will pay such **loss** to which Insuring Agreements **B.** and **C.** apply." (**Exhibit A**, D&O Coverage Part, Section V.G.1. (bates p. 058).

34.     Thus, the Policy gives priority to payments to the Individual **insured persons** over those to the Debtor Relax Group if the **loss** for a **claim** will exceed the remaining applicable Limit of Insurance.

35.     Accordingly, there is also cause to lift the automatic stay in bankruptcy case 25-10784-KB to pay the **defense costs** of the Individuals.

36.     The Debtor Relax Group's bankruptcy estate would benefit from the payment of **defense costs** for the Individuals since their defense of the Lawsuit will assist its defense of liability, and, otherwise, would be harmed if the Individuals are not provided a defense.

37.     Thus, the equities demand that relief be granted to permit Cincinnati to fund the **defense costs** incurred by the Individual **insured persons** in defense of the Lawsuit subject to the

11

terms, conditions, and limitations of the Policy, and subject to Cincinnati's reservation of rights, remedies, and defenses.

**B.      Relief from the stay in Bankruptcy Case 25-10788-KB, Debtor, Gina Rene Bruss**

38.      Pursuant to §541 of the Bankruptcy Code, the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

39.      The Policy is a liability insurance policy. Payment of insurance proceeds under the D&O Coverage Part is invoked through the duty to defend when a covered **claim** is made against **insureds** during the **policy period**. That payment is not made to the estate but rather to counsel defending the **insureds**. Payment of the insurance proceeds for indemnity is invoked when the **insureds** incur liability that is covered under the Policy to a third party, and that payment is made to the claimant not the estate.

40.      The Policy, subject to its terms, conditions, and limitations, provides direct coverage to the Debtor in Case No. 25-10788-KB, Gina Bruss, which is an **insured person** under the Policy.

41.      The proceeds of the  Policy are an asset of the bankruptcy estate of the Debtor in Case No. 25-10788-KB, Gina Bruss, since the Policy provides, subject to its terms, conditions and limitations, coverage to Gina Bruss.

42.      Cause exists to lift the automatic stay in Case No. 25-10788-KB to pay the **defense costs** of the Debtor Gina Bruss since her bankruptcy estate, will benefit from the payment of her **defense costs**.

43.      Because the automatic stay applies to any act to obtain possession of property of the estate or of property from the estate, and because the payment of Debtor Gina Bruss's **defense**

**costs** for defense of the Lawsuit reduce the Policy's Limit of Insurance, Cincinnati has filed this motion pursuant to 11 U.S.C. §362 (d)(1), seeking relief from the automatic stay to defend and pay the **defense costs** of the Debtor Gina Bruss incurred in defense of the Lawsuit pursuant to the terms, conditions and limitations of the Policy, and subject to a full and complete reservation of all rights, remedies and defenses.

44.     The Debtor, Gina Bruss's interest in the Policy proceeds, is defined by the terms of the Policy and is in no way superior to the interest of the other, parties who are not debtors in bankruptcy case 25-10788-KB — Relax Group, Bruss Building, James Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith, who, as the **organization** and **insured persons**, are  intended to be benefited by the Policy. *Appleton v. Gagnon (In re Gagnon)*, 26 B.R. 926, 928 (Bankr. M.D. Pa. 1983) ("[T]he estate's legal and equitable interest in property rise no higher than those of the debtor."); *In re Rodgers,* 333 F.3d 64, 68 (2d Cir. 2003) (same)*; City of Springfield v. Ostrander (In re LAN Tamers, Inc.),* 329 F.3d 204, 212-13 (1st Cir. 2003) (citations omitted) ("[i]t is a fundamental principle of bankruptcy law 'that the estate can only succeed to the same property interest that the debtor possesses, and cannot achieve a greater interest.'")

45.     Relax Group, Bruss Building, James Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith, have a separate interest in the Policy proceeds regardless and outside of the Debtor's Gina Bruss's bankruptcy case. *See, e.g.*, case cited in paragraph 30. Outside the bankruptcy context, they have the right to draw on the Policy proceeds for covered **claims**, regardless of the Debtor Gina Bruss's interest in the Policy and regardless of whether other claims might be made against the proceeds in the future.

46.     Allowing the automatic stay in bankruptcy case 25-10788-KB to prevent Cincinnati from complying with its obligation to defend Relax Group, Bruss Building, James Bruss, Laura

Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith, the **organization** and individual **insured persons** through payment of **defense costs** from the Policy proceeds would improperly grant the Debtor Gina Burris's estate greater rights in the Policy and the proceeds than the estate would have outside the bankruptcy context. Numerous courts that have considered the issue have granted relief from the automatic stay (to the extent the stay applies at all) and have permitted nondebtor coinsureds to draw on insurance proceeds to pay for defense costs. *See,* cases cited in paragraph 31.

47.     It is necessary for The Relax Group, Bruss Building, James Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith to incur **defense costs** to safeguard their interests and defend against the Lawsuit, and Cincinnati is obligated in accordance with its duty to defend to pay such **defense costs**. Preventing these non-debtors in Case No. 25-10788-KB from exercising their contractual right to draw on the Policy proceeds will result in them left to face the Lawsuit without any defense funding, a right which was bargained for. Without funding, they may be prevented from conducting a meaningful defense to the Lawsuit and may suffer substantial and irreparable harm. Cincinnati may be harmed if prevented from paying these defense costs pursuant to the Policy terms.

48.     Moreover, pursuant to Section V.G.1., if payment of a **loss** (which is defined to include **defense costs**) for any **claim** would exceed the remaining applicable Limit of Insurance, "[Cincinnati] will first pay the unpaid portion of such **loss** [including **defense costs]** under Insuring Agreement **A.**; then to the extent that any amount of the applicable Limit of Insurance shall remain available, [Cincinnati] will pay such **loss** to which Insuring Agreements **B.** and **C.** apply." (**Exhibit A**, D&O Coverage Part, Section V.G.1. (bates p. 058).

14

49. Thus, the Policy gives priority to payments to the Individual **insured persons** over those to Relax Group if the **loss**  for a **claim** will exceed the remaining applicable Limit of Insurance.

50. Accordingly, there is also cause to lift the automatic stay in bankruptcy case no. 25-10788-KB to pay the **defense costs** of the non-debtors in case no. 25-10788-KB, The Relax Group, Bruss Building, James Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith.

51. The Debtor Gina Bruss's bankruptcy estate would benefit from the payment of **defense costs** for the non-debtor defendants since their defense of the Lawsuit will assist her defense of liability, and, otherwise, would be harmed if the non-debtor defendants are not provided a defense.

52. Thus, the equities demand that relief be granted in case no. 25-10788-KB to permit Cincinnati to fund the **defense costs** incurred by the non-debtor defendants in defense of the Lawsuit subject to the terms, conditions, and limitations of the Policy, and subject to Cincinnati's reservation of rights, remedies, and defenses.

**C. Relief from the stay in Bankruptcy Case 25-10646-KB, Debtor, James Warren Bruss**

53. Pursuant to §541 of the Bankruptcy Code, the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

54. The Policy is a liability insurance policy. Payment of insurance proceeds under the D&O Coverage Part is invoked through the duty to defend when a covered **claim** is made against **insureds** during the **policy period**. That payment is not made to the estate but rather to counsel defending the **insureds**. Payment of the insurance proceeds for indemnity is invoked when the

15

**insureds** incur liability that is covered under the Policy to a third party, and that payment is made to the claimant not the estate.

55. The Policy, subject to its terms, conditions, and limitations, provides direct coverage to the Debtor in Case No. 25-10646-KB, James Bruss, which is an **insured person** under the Policy.

56. The proceeds of the  Policy are an asset of the bankruptcy estate of the Debtor in Case No. 25-10646-KB, James Bruss, since the Policy provides, subject to its terms, conditions and limitations, coverage to James Bruss.

57. Cause exists to lift the automatic stay in Case No. 25-10646-KB to pay the **defense costs** of the Debtor James Bruss since his bankruptcy estate, will benefit from the payment of his **defense costs**.

58. Because the automatic stay applies to any act to obtain possession of property of the estate or of property from the estate, and because the payment of Debtor James Bruss's **defense costs** for defense of the Lawsuit reduce the Policy's Limit of Insurance, Cincinnati has filed this motion pursuant to 11 U.S.C. §362 (d)(1), seeking relief from the automatic stay to defend and pay the **defense costs** of the Debtor James Bruss incurred in defense of the Lawsuit pursuant to the terms, conditions and limitations of the Policy, and subject to a full and complete reservation of all rights, remedies and defenses.

59. The Debtor, James Bruss's interest in the Policy proceeds, is defined by the terms of the Policy and is in no way superior to the interest of the other, parties who are not debtors in bankruptcy case 25-10646-KB — Relax Group, Bruss Building, Gina Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith, who, as the **organization** and **insured persons**, are  intended to be benefited by the Policy. *Appleton v. Gagnon (In re Gagnon)*, 26 B.R.

926, 928 (Bankr. M.D. Pa. 1983) ("[T]he estate's legal and equitable interest in property rise no higher than those of the debtor."); *In re Rodgers*, 333 F.3d 64, 68 (2d Cir. 2003) (same); *City of Springfield v. Ostrander (In re LAN Tamers, Inc.)*, 329 F.3d 204, 212-13 (1st Cir. 2003) (citations omitted) ("[i]t is a fundamental principle of bankruptcy law 'that the estate can only succeed to the same **property interest** that the **debtor** possesses, and cannot achieve a greater interest.'").

60.     Relax Group, Bruss Building, Gina Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith, have a separate interest in the Policy proceeds regardless and outside of the Debtor's James Bruss's bankruptcy case. *See,* case cited in paragraph 30. Outside the bankruptcy context, they have the right to draw on the Policy proceeds for covered **claims**, regardless of the Debtor James Bruss's interest in the Policy and regardless of whether other claims might be made against the proceeds in the future.

61.     Allowing the automatic stay in bankruptcy case 25-10646-KB to prevent Cincinnati from complying with its obligation to defend Relax Group, Bruss Building, Gina Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith, the **organization** and individual **insured persons** through payment of **defense costs** from the  Policy proceeds would improperly grant the Debtor James Burris's estate greater rights in the Policy and the proceeds than the estate would have outside the bankruptcy context. Numerous courts that have considered the issue have granted relief from the automatic stay (to the extent the stay applies at all) and have permitted nondebtor coinsureds to draw on insurance proceeds to pay for **defense costs**. *See,* cases cited in paragraph 31.

62.     It is necessary for The Relax Group, Bruss Building, Gina Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith to incur **defense costs** to safeguard their interests and defend against the Lawsuit, and Cincinnati is obligated in accordance with its duty to

17

defend to pay such **defense costs**. Preventing these non-debtors in Case No. 25-10646-KB from exercising their contractual right to draw on the Policy proceeds will result in them left to face the Lawsuit without any defense funding, a right which was bargained for. Without funding, they may be prevented from conducting a meaningful defense to the Lawsuit and may suffer substantial and irreparable harm. Cincinnati may be harmed if prevented from paying these **defense costs** pursuant to the Policy terms.

63.     Moreover, pursuant to Section V.G.1., if payment of a **loss** (which is defined to include **defense costs**) for any **claim** would exceed the remaining applicable Limit of Insurance, "[Cincinnati] will first pay the unpaid portion of such **loss** [including **defense costs]** under Insuring Agreement **A.**; then to the extent that any amount of the applicable Limit of Insurance shall remain available, [Cincinnati] will pay such **loss** to which Insuring Agreements **B.** and **C.** apply." (**Exhibit A**, D&O Coverage Part, Section V.G.1. (bates p. 058)).

64.     Thus, the Policy gives priority to payments to the Individual **insured persons** over those to Relax Group if the **loss** for a **claim** will exceed the remaining applicable Limit of Insurance.

65.     Accordingly, there is also cause to lift the automatic stay in bankruptcy case no. 25-10788-KB to pay the **defense costs** of the non-debtors in case no. 25-10646-KB, The Relax Group, Bruss Building, James Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith.

66.     The Debtor James Bruss's bankruptcy estate would benefit from the payment of **defense costs** for the non-debtor defendants since their defense of the Lawsuit will assist her defense of liability, and, otherwise, would be harmed if the non-debtor defendants are not provided a defense.

18

67. Thus, the equities demand that relief be granted in case no. 25-10646-KB to permit Cincinnati to fund the **defense costs** incurred by the non-debtor defendants in defense of the Lawsuit subject to the terms, conditions, and limitations of the Policy, and subject to Cincinnati's reservation of rights, remedies, and defenses.

### III.    Fed.R.Bankr.P. 4001(a)(3) request.

68. Cincinnati respectfully requests that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, The Cincinnati Insurance Company respectfully requests that this Court enter an order substantially in the form appended hereto:

a)    granting The Cincinnati Insurance Company relief from the stay of Bankruptcy Cases 25-10784, 25-10788, and 25-10646 (to the extent it applies) to defend and pay the **defense costs** incurred by The Relax Group LLC, Bruss Building Services Group, LLC, James Bruss, Gina Bruss, Laura Raymond, Jared Raymond, Malarie Starcher, and Meghan Smith in defense of *Kearsarge Community Common LLC, et al. v. James Bruss, et al.*, case number 217-2025-CV-00581 filed on August 8, 2025 in the Merrimack Superior Court of the State of New Hampshire (the "Lawsuit"), pursuant and subject to the terms, conditions, and limitations of the Policy, and subject to a full reservation of Cincinnati's rights, remedies and defenses;

b)    finding that the payment of such **defense costs** reduces the Limit of Insurance of the  Policy by the amount of the payment;

c)    waiving any stay of enforcement of the order, including but not limited to under Fed.R.Bankr.P. 4001(a)(3); and

d)      granting The Cincinnati Insurance Company such other and further relief as is

equitable and just.

Dated: May 5, 2026                                    Respectfully submitted:

*/s/ Stephen J. LaMonica*
Stephen J. LaMonica, #268522
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500
lamonica@litchfieldcavo.com

and

Nancy K. Tordai
(pro hac vice to be submitted)
Peters & Nye LLP
14 Executive Court, Suite 2
South Barrington, IL 60010
847-423-0353
nancytordai@petersnye.com

*Counsel for The Cincinnati Insurance Company*

20